IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL ALVAREZ,

        Plaintiff,                    No. CIV S-06-982 LKK KJM PS

    vs.

DEPUTY GREGORY, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief under and has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
3 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
4 490 U.S. at 327.

5      A complaint, or portion thereof, should only be dismissed for failure to state a
6 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
7 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
8 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
9 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14      The court finds the allegations in plaintiff's complaint so vague and conclusory
15 that it is unable to determine whether the current action is frivolous or fails to state a claim for
16 relief. The court has determined that the complaint does not contain a short and plain statement
17 as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
18 policy, a complaint must give fair notice and state the elements of the claim plainly and
19 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
20 must allege with at least some degree of particularity overt acts which defendants engaged in that
21 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.
22 R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file
23 an amended complaint.

24      If plaintiff chooses to amend the complaint, plaintiff must set forth the
25 jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil
26 Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted

1  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  It

2  appears plaintiff may be trying to state a claim under the Civil Rights Act.  That statute provides

3  as follows:

4  > Every person who, under color of [state law] . . . subjects, or causes
5  > to be subjected, any citizen of the United States . . . to the
6  > deprivation of any rights, privileges, or immunities secured by the
7  > Constitution . . . shall be liable to the party injured in an action at
8  > law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

12 omits to perform an act which he is legally required to do that causes the deprivation of which

13 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14         Moreover, supervisory personnel are generally not liable under § 1983 for the

15 actions of their employees under a theory of respondeat superior and, therefore, when a named

16 defendant holds a supervisorial position, the causal link between him and the claimed

17 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

18 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

20 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21 Cir. 1982).

22         It appears, however, that plaintiff's claims may be barred by the statute of

23 limitations.  The statute of limitations for actions under section 1983 is governed by the statute of

24 limitations for personal injury actions in the forum state.  Azer v. Connell, 306 F.3d 930, 935-36

25 (9th Cir. 2002). California Civil Procedure Code section 335.1 imposes a two-year statute of

26 limitations on personal injury actions in California.  Plaintiff's claims arose in May, 2002.  The

3

1  instant action was filed four years later and absent an appropriate tolling provision, plaintiff's
2  claims are time barred.
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1. Plaintiff's request to proceed in forma pauperis is granted;
13         2. Plaintiff's complaint is dismissed; and
14         3. Plaintiff is granted thirty days from the date of service of this order to file an
15 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
17 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
18 copies of the amended complaint; failure to file an amended complaint in accordance with this
19 order will result in a recommendation that this action be dismissed.
20 DATED:  June 12, 2006.

UNITED STATES MAGISTRATE JUDGE

006
alvarez.ifp-lta